UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CHERYL STIER,

Plaintiff,

v.

MEDIA ONE,

Defendant.

Civil No. 00-1952 (MJD/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which she is seeking permission to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on

FILED SEP 29 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In this case, the substantive allegations of Plaintiff's Complaint, restated in their entirety, are as follows:

> "1. acusing [sic] me of making over 100 calls when I only made 12.
>
> 2. false statements supposedly made by myself.
>
> 3. falsly [sic] acusing [sic] me of making racial comments
>
> 4. Falsly [sic] acusing [sic] me of terroristic threats."

A stack of unidentified documents is attached to the Complaint, but those papers do not explain the nature of Plaintiff's claims or the events on which they are based.

Plaintiff's submissions do not state any cause of action on which relief can be granted, because they do not include any <u>facts</u> that would support any actionable claim against the named Defendant. While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s). <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a <u>pro</u> <u>se</u> complaint must contain specific facts supporting its conclusions"); <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be

---

which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling [her] to relief." <u>Williams v. White</u>, 897 F.2d 942, 944 (8th Cir. 1990).

merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Plaintiff's present submissions do not adequately describe the facts on which this action is based. Plaintiff has not explained what the named Defendant allegedly did or failed to do that might give rise to a claim that could be litigated in federal court. She has therefore failed to state any cognizable claim.

Furthermore, Plaintiff's submissions do not indicate (expressly or implicitly) any statute or common law principle on which this action is based. Plaintiff has not identified, and the Court cannot independently discern, any legal theory that would support any actionable claim. For this additional reason, the Complaint fails to state any viable cause of action against the named Defendant.

Finally, the Court notes that Plaintiff has not explained what she is seeking to accomplish in this action. She has not asked for a judgment of any kind, and the Court cannot otherwise determine what type of relief she may be seeking.

Because of the deficiencies noted above, the Court concludes that Plaintiff's Complaint fails to state any legally cognizable claim for relief. It will therefore be recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket

No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 29, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.